UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAYLENE S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5558-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing her headaches and certain medical opinions. (Dkt. # 10 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1993, has one year of college education, and has worked as a retail cashier, crew driver, in-home caregiver, temporary laborer, and window manufacturer. AR at 58, 296-97. Plaintiff was last gainfully employed in September 2019. *Id.* at 305.

ORDER - 1

In October 2019, Plaintiff applied for benefits, with an amended alleged onset date of April 21, 2019. AR at 55, 263-75. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 171-86, 189-204. After the ALJ conducted a hearing in April 2021 (*id.* at 44-84), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 25-38.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

#### A.   The ALJ Should Reconsider Plaintiff's Headaches on Remand

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case, the ALJ found that Plaintiff's severe impairments were obesity, depressive disorder, and post-traumatic stress disorder. AR at 28. Plaintiff notes that her migraine headaches were documented throughout the record, and argues that the ALJ erred in failing to (1) include this condition as a severe impairment at step two, or (2) account for the resulting limitations in the residual functional capacity ("RFC") assessment. (Dkt. # 10 at 3-8.) The Commissioner acknowledges that Plaintiff's migraines were treated throughout the adjudicated period, but argues that the evidence does not establish that this condition caused any limitations that were not already included in the ALJ's RFC assessment, and thus any step-two error is harmless. (Dkt. # 11 at 3-4.)

Plaintiff disagrees, contending that the record shows that her headaches caused her to have deficits in concentration, persistence, and pace, as well as absenteeism, because she reported experiencing migraines once or twice per week, and testified that once a month her migraines are so severe as to cause seizure-like episodes. *See* AR at 62-65. The ALJ emphasized that Plaintiff's seizure condition was not diagnosed via objective findings, but did not directly address whether Plaintiff's headaches were medically determinable and/or severe, or whether Plaintiff's alleged headache-related allegations were credible. *Id*. at 31-32.

ORDER - 3

The ALJ erred in failing to provide any evaluation of Plaintiff's headache-related functional allegations, even if the ALJ's failure to reference Plaintiff's headaches at step two could be considered harmless. *Cf. Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding a step-two error harmless because the ALJ considered the limitations caused by the omitted impairment when assessing the plaintiff's RFC). Accordingly, on remand, the ALJ should reconsider the evidence related to Plaintiff's headaches at step two and at any subsequent steps in the decision.

**B.    The ALJ Erred in Assessing Medical Opinion Evidence**

Plaintiff alleges that the ALJ erred in (1) finding the opinions of two psychologists unpersuasive, and (2) assessing the State agency opinions. Plaintiff also argues that the ALJ's errors in assessing Plaintiff's migraines tainted her assessment of another psychologist's opinion. The Court will address each disputed opinion in turn.

*1.    Legal Standards*

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

*2.    Kimberly Wheeler, Ph.D., and Dana Harmon, Ph.D.*

Dr. Wheeler examined Plaintiff in October 2019 and completed a DSHS form opinion describing many marked functional limitations. AR at 762-66. Dr. Harmon reviewed Dr. Wheeler's opinion as well as one treatment note and completed another DSHS form opinion describing the same functional limitations identified by Dr. Wheeler. *Id*. at 754-58. The ALJ

found that the opinions of Drs. Wheeler and Harmon were inconsistent with the record because the opinions described disabling limitations, but the record demonstrated that Plaintiff was not significantly limited in her "everyday functioning[,]" "tending to her own cares[,]" completing "typical household chores" and "running errands[.]" *Id*. at 36.

Plaintiff disagrees with the ALJ's reasoning, suggesting that the record corroborated limitations in her ability to complete her daily activities. (Dkt. # 10 at 12-13.) As evidence to support this argument, Plaintiff cites her own statements as documented in her function reports. (*Id*. (citing AR at 317-23, 333).) Plaintiff also testified at the hearing regarding her limited activities (AR at 66-76), and other evidence in the record corroborates Plaintiff's testimony as well.[1]

Moreover, even if (as found by the ALJ) Plaintiff did retain the ability to complete her self-care, perform household chores, and run errands, such an ability would not necessarily be inconsistent with most of the disabling limitations identified by Drs. Wheeler and Harmon. *See, e.g.*, AR at 757, 764 (finding Plaintiff markedly limited in her ability to follow detailed instructions, comply with a schedule, and complete a normal workday/workweek). There is no evidence in the record to suggest that Plaintiff's daily activities involved following detailed instructions or complying with a schedule, or that she performed her activities in a manner analogous to a normal workday/workweek. Notably, Drs. Wheeler and Harmon found Plaintiff to be not limited or only mildly limited in the areas that most directly relate to daily activities. *See, e.g.*, *id.* (finding Plaintiff less than markedly limited as to performing routine tasks, making

---

[1] *See, e.g.*, AR at 667 (Plaintiff describes physical limitations impacting her ability to complete daily activities), 837 (documenting Plaintiff's daily PTSD triggers causing intrusive memories), 839 (Plaintiff reports feeling like she wants to stay in bed all day), 847 (Plaintiff reports feeling so anxious she "can't move"), 849 (Plaintiff reports feeling "frozen", like she is "not able to get up and do anything"), 873 (Plaintiff reports not eating, sleeping, or showering), 879 (Plaintiff's therapy goals include reducing "distressing symptoms related to trauma and sadness, in order to improve daily functioning").

ORDER - 5

simple decisions, being aware of normal hazards, and asking simple questions). Thus, the Court finds that the ALJ's conclusion that the opinions of Drs. Wheeler and Harmon are inconsistent with the record is not supported by substantial evidence, and is therefore erroneous.

        3.        *State Agency Opinions*

Plaintiff argues that the ALJ erred in giving "the greatest weight" to the State agency opinions (AR at 87-124, 127-66) because those opinions were not informed by a review of the entire record, and because the ALJ did not fully account for the opinions that she purported to credit. (Dkt. # 10 at 15-17.)

At the outset, the Court notes that because the 2017 regulations apply to this decision, the ALJ did not assign any weight to any of the opinions, and thus did not give "the greatest weight" to the State agency opinions. The Court also notes that due to a presumed scrivener's error, the ALJ did not find the State agency opinions either persuasive or unpersuasive. *See* AR at 35. The context of the ALJ's decision suggests that she found the opinions to be at least somewhat persuasive, but the sentence wherein such a finding would be is incomplete, missing the word "persuasive" or any variant thereof.[2] *Id*.

But the ALJ did go on to find that the State agency reconsideration opinion was inconsistent with the record to the extent that it described Plaintiff with moderate social deficits, and thus suggested that she found this opinion less persuasive. AR at 35 (referencing *id*. at 141). Plaintiff challenges the ALJ's failure to address a different part of the reconsideration opinion, however: the ALJ did not acknowledge that the reconsideration opinion states that "[o]ccasional

---

[2] On remand, the ALJ should revise the assessment of the State agency opinions to use complete sentences, using some form of the word "persuasive." *See* 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c) (requiring an evaluation of the persuasiveness of medical opinions). The Court finds no other error in the ALJ's assessment of the State agency opinions, as explained herein, but on remand the ALJ may reconsider these opinions as appropriate in light of the updated record.

ORDER - 6

supervisor instruction/redirection will help keep [Plaintiff] on task." *Id*. at 141. The Court finds that when the opinion is read as a whole, however, it is reasonable to interpret this portion of the opinion as failing to state an RFC limitation, because the next sentence reads: "Nonetheless [Plaintiff] is capable of concentrating throughout a competitive 40 hour workweek." *Id*. at 141. The consultant's use of the word "nonetheless" indicates that the consultant found Plaintiff capable of maintaining concentration on a full-time basis even without additional instruction/redirection from a supervisor, contrary to Plaintiff's alternate interpretation of the opinion. (*See* dkt. # 12 at 6 (interpreting the reconsideration opinion to mean that "[w]ithout redirection" from a supervisor, Plaintiff would be off-task an impermissible portion of the day).) Because the consultant found Plaintiff capable of maintaining sufficient concentration to complete a full-time work schedule, the concerns regarding additional instruction/redirection do not describe the most Plaintiff can still do, and therefore do not pertain to the ALJ's assessment of Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (RFC "is the most you can still do despite your limitations."). Accordingly, Plaintiff has not shown that the ALJ's RFC assessment erroneously fails to account for the State agency opinions.

          4.     *Reginald Adkisson, Ph.D.*

Dr. Adkisson performed a consultative psychological examination of Plaintiff in February 2020 and found *inter alia* that Plaintiff had marked concentration and persistence limitations due to her physical problems. *See* AR at 664-69. The ALJ found this portion of Dr. Adkisson's opinion to be inconsistent with her interpretation of the medical evidence related to Plaintiff's physical conditions. *Id*. at 35.

ORDER - 7

Because, as found *supra*, the ALJ should reconsider the evidence related to Plaintiff's migraines on remand, the ALJ should also reconsider Dr. Adkisson's opinion in light of the review of the updated record on remand.

V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the opinions of Drs. Wheeler and Harmon, and reconsider the evidence related to Plaintiff's migraines at step two, in assessing Plaintiff's RFC and in assessing Dr. Adkisson's opinion. The ALJ should take care to revise the written assessment of the State agency opinions as instructed herein. The ALJ may also reconsider any other part of the decision as necessary in light of the updated record on remand.

Dated this 12th day of January, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge